IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20531
(Summary Calendar)
_____

VIVIAN GRIMES,

                                        Plaintiff-Appellant,

                        versus

CHARLES HERBERT; LEON PETTIS;
DANIEL BARNETT; and THE BOARD
OF TRUSTEES OF THE HOUSTON
INDEPENDENT SCHOOL DISTRICT;

                                        Defendants-Appellees.

_____

On Appeal from the United States District Court
for the Southern District of Texas
(No. H-96-CV-01356)
_____
June 24, 1998
Before WIENER, BARKSDALE, AND EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Plaintiff-Appellant Vivian Grimes appeals the district court's
grant of summary judgment in favor of Defendants-Appellees Charles
Herbert, Leon Pettis, Daniel Barnett, and the Board of Trustees of
the Houston Independent School District ("HISD") (collectively,
"appellees"), insisting that the court erred in concluding that she
had not asserted a violation to her substantive due process rights.
Finding no merit in Grimes's argument, we affirm.

_____

    [*]Pursuant to 5TH CIRCUIT RULE 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Grimes was a teacher at Isaacs Elementary School, where Pettis is the principal and Herbert is the area superintendent. She alleges that Pettis sexually assaulted her on several occasions. Grimes asserts that in May 1994, Pettis "ran his hand over her breast," became sexually erect, and made a crude comment. She also alleges that in January 1995, he grabbed her arm and jerked her into a workroom at the school, pressed a fist above her right breast, and threatened her. Pettis denies that he touched or threatened Grimes, but contends that Grimes underwent a "metamorphosis" during a brief meeting and began yelling at him and accusing him of pushing her. Immediately after this last incident, Pettis contacted Herbert, who requested an investigation by HISD's Office of Professional Standards. A three-person team, led by defendant Barnett, conducted a comprehensive investigation and produced a sixty-four page report, but was unable to confirm or disprove Grimes's allegations.

Grimes filed suit in Texas state court under 42 U.S.C. § 1983, alleging that appellees violated her constitutionally-protected liberty and property interests without due process of law. She also asserted: (1) a state-law defamation action against Pettis; (2) an intentional infliction of emotional distress claim against Herbert; and (3) a declaratory judgment action, seeking a declaration that HISD's investigation of her assault charge against

2

Pettis was fatally flawed.[1]  The case was subsequently removed to federal district court and referred to a magistrate judge.  Relying on the magistrate judge's recommendation, the district court granted summary judgment in favor of appellees on all claims and entered a take-nothing judgment against Grimes.

The sole issue on appeal is whether Grimes has a constitutionally-protected liberty interest in "being free from the fear of assault from her principal."  In concluding that such a substantive due process right does not exist, the district court, adopting the recommendation of the magistrate judge, reasoned:

> While a liberty interest in a student's right to bodily integrity from contact by school personnel was recognized in Doe v. Taylor I.S.D., 15 F.3d 443 (5th Cir. 1994), such an interest has not been extended to include a teacher's right to be free from physical attacks by co-workers.  The facts and reasoning underpinning Taylor and similar cases are clearly not present here.  Similarly, the facts present here do not warrant application of Scott v. Moore, 85 F.3d 230, 235 (5th Cir. 1996), which held a municipality liable for inadequate staffing of its jail in the context of a sexual assault on a female pretrial detainee by a male jailer.
>     As Plaintiff cannot state a liberty interest claim against Defendant Pettis, her claims against Defendants HISD and Herbert for "sanctioning" the alleged statement also fail.  Defendants Herbert and HISD cannot be held liable under a respondeat superior theory of liability. Monell v. Dept. of Social Services, 436 U.S. 658, 691 (1978).   Plaintiff also has failed to allege the "official policy" of HISD which caused the alleged constitutional violation.  Id.; Johnson v. Moore, 958 F.2d 92, 94 (5th Cir. 1992).

After a de novo review of the record, the appellate briefs,

---

[1]Grimes did not assert a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

and the applicable law, we reach the same conclusion as did the district court for the same reasons articulated there.[2] Consequently, the judgment of the district court dismissing Grimes's action is, in all respects,

AFFIRMED.

---

[2]Appellees maintain that even if Grimes asserted a violation of a protected liberty interest, they are shielded from liability by qualified immunity, as Grimes's substantive due process "right to be free from fear of assault" by her employer was not "clearly established" at the time of the alleged misconduct. Foster v. City of Lake Jackson, 28 F.3d 425, 428-29 (5th Cir. 1994). Given our holding that Grimes has not asserted a protected liberty interest, we do not reach this issue, but do note that Grimes never mentions qualified immunity in her initial appellate brief.